United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 12, 2007**

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals
For The Fifth Circuit*

No. 06-60431
Summary Calendar

GILBERT M. GOLDMAN, JR.,

Petitioner,

v.

HALLIBURTON ENERGY SERVICES; ACE AMERICAN INSURANCE COMPANY;
DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, DEPARTMENT
OF LABOR,

Respondents.

Petition for Review from the Benefits Review Board,
U.S. Department of Labor
BRB No. 05-0545

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gilbert Goldman sustained injuries while working aboard an oil rig in the Gulf of

Mexico as an employee of Halliburton Energy Services. Goldman filed suit under 22 U.S.C.

§ 901, the Longshore and Harbor Workers' Compensation Act, in the administrative court.

The Administrative Law Judge (ALJ) granted summary judgment to Halliburton because

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Goldman was excluded from coverage under the Act as a member of a vessel's crew.[1]

Goldman argued that Halliburton was judicially estopped from claiming that he was a member of the crew, but the ALJ denied his motion. Goldman appealed to the Benefits Review Board at the U.S. Department of Labor, which affirmed the ALJ's decision that Halliburton was not estopped. Goldman now petitions for review of the Benefits Review Board's decision.

Judicial estoppel prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding.[2] For a party to be judicially estopped from arguing a position, the position must be clearly inconsistent with the party's previous one, and the party must have clearly convinced the court to accept that previous position.[3] Goldman fails to show that Halliburton convinced a court in any judicial proceeding to accept the position that he was not a member of a crew, so Halliburton is not judicially estopped from claiming that Goldman is a member of a crew.

We therefore AFFIRM the Benefit Review Board's decision.

---

[1] 33 U.S.C. § 902(3)(G).

[2] *Hall v. GE Plastic Pac. PTE, Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003).

[3] *Id.*